Daren R. Brinkman (03004490)
Brinkman Law Group, PC
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Tel. (818) 597-2992
Fax (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Arete Creditors Litigation Trust*

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-52578-CAG |
| Arete Healthcare, LLC, *et al.*[1] | Chapter 11 |
| Debtors. | Jointly Administered |
| Daren Brinkman, as Trustee of the Arete Creditors Litigation Trust, Plaintiff | |
| | Adv. Case No. SEE SUMMONS |
| v. | |
| TriCounty Family Medical Care Group, LLC d/b/a Tejas Urgent Care, Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. § 547 AND 550**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE CRAIG A. GARGOTTA:

COMES NOW the Arete Creditors Litigation Trust ("Plaintiff") by and through its duly

appointed counsel, to file this complaint ("Complaint") to avoid and recover transfers against

---

[1] The Debtors also include The Emergency Clinic of Floresville, LLC ("ECF") and Schertz-Cibolo Emergency Center, LLC ("SCEC"). The term "Debtor" shall refer to Arete Healthcare, LLC, while the term "Debtors" shall refer to all the debtors in this bankruptcy case.

TriCounty Family Medical Care Group, LLC d/b/a Tejas Urgent Care ("Defendant") and to disallow any claims held by Defendant, stating the following in support thereof:

## JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, and 1334.

2. Venue is proper in this Court pursuant to section 28 U.S.C. §§ 1408, 1409.

3. Plaintiff commences this proceeding pursuant to Rule 7001(1) of the Federals Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## SUMMARY OF COMPLAINT

4. Plaintiff seeks to avoid and recover all fraudulent transfers by Arete Healthcare, LLC ("Arete") within 2 years of filing its Chapter 11 Voluntary Petition for Bankruptcy ("Petition") to the Defendant while insolvent and for the benefit of an insider, under 11 U.S.C. §§ 547 and 550.

## PROCEDURAL HISTORY

5. On November 3, 2019, ("Petition Date"), Arete Healthcare, LLC ("Arete"), Floresville, and Schertz ("Debtor" individually or "Debtors" collectively) filed voluntary petitions for Chapter 11 relief under Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division ("Court") [Dkt. No. 1].

6. On November 7, 2019, the Court ordered the Debtors' cases to be jointly administered [Dkt. No. 24].

7. On November 27, 2019, the Office of the United States Trustee filed its *Notice of Appointment of Committee of Unsecured Creditors*, appointing the Committee of Unsecured

Creditors ("Committee") [Dkt. No. 64], which was amended on May 19, 2020 [Dkt. No. 247].

8. On May 28, 2020, the Debtors filed the *Debtors' Second Amended Joint Plan of Reorganization* ("Plan") [Dkt. No. 252] and the *Second Amended Disclosure Statement in Support of Joint Plan of Reorganization* ("Disclosure Statement") [Dkt. No. 251].

9. On June 15, 2020, the Debtors and the Committee filed a *Joint Motion under Fed. R. Bankr. P. 9019(a) to Approve Compromise and Settlement by and Between the Debtors and the Official Committee of Unsecured Creditors* ("Joint Motion") [Dkt. No. 323], which included a provision to "allow for all chapter 5 claims to be transferred to a litigation trust managed by a board selected by the Committee" (Joint Motion, p. 3, ¶ 9).

10. On July 27, 2020, the Court entered an Order approving the Joint Motion [Dkt. No. 329].

11. On July 31, 2020, the Debtor filed a *Notice of Filing Litigation Trust Agreement* [Dkt. No. 331] in accordance with the Joint Motion, after having filed the Litigation Trust Agreement with the Court on July 29, 2020.

12. On August 17, 2020, the Court entered *Findings of Fact, Conclusions of Law and Order Confirming Debtors' Second Amended Joint Plan of Reorganization* ("Confirmation Order") [Dkt. No. 343]. The Confirmation Order included the Litigation Trust Agreement that was to be deemed created on the effective date of the Plan. *See* Confirmation Order, Exhibit A, p. 52, ¶ 1.

13. On August 31, 2020, ("Effective Date") the Plan became effective [Dkt. No. 352].

## FACTS

14. Defendant is a Texas Limited Liability Company with its principal place of business located at 7550 IH-10 West Rd., Ste. 504 in San Antonio, Texas.

15. Defendant is owned and controlled by individuals Brian Johnson and Joel Kay.

16. Brian Johnson is the sole owner of WM Medical Consultants, LLC ("WM Medical").

17. WM Medical owns 50% of the equity interest in Arete (*See* Dkt. No. 77, p. 62, "Statement of Financial Affairs," Part 13, Question 28), 44.25% of the equity interest in Floresville (*See* Floresville Dkt. No. 11, p. 55, "Statement of Financial Affairs," Part 13, Question 28), and 27.635% of the equity interest in Schertz (*See* Schertz Dkt. No. 13, p. 56, "Statement of Financial Affairs," Part 13, Question 28).

18. Joel Kay is the sole owner of Amajon Healthcare Solutions, LLC ("Amajon").

19. Amajon owns 50% of the equity interest in Arete (*See* Dkt. No. 77, p. 62, "Statement of Financial Affairs," Part 13, Question 28), 44.25% of the equity interest in Floresville (*See* Floresville Dkt. No. 11, p. 55, "Statement of Financial Affairs," Part 13, Question 28), and 27.635% of the equity interest in Schertz (*See* Schertz Dkt. No. 13, p. 56, "Statement of Financial Affairs," Part 13, Question 28).

20. Defendant is an insider to the Debtors per 11 U.S.C. §§ 101(31)(E) and 101(2)(A).

21. During the two years prior to the Petition Date, between November 3, 2017 and November 3, 2019, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to certain entities.

22. Between approximately November 6, 2017, and September 19, 2019, Arete paid approximately $115,528.69 to various vendors for or on behalf of the Defendant for the Defendant's expenses ("Payments"). Plaintiff is also informed and believes that over $200,000

in payroll payments were made for the benefit of the Defendant during the same period.

23. The expenses for which the Payments were made for the benefit of the Defendant and had no direct or indirect benefit to Arete.

24. The Payments that were made during the one-year period prior to the Petition Date, from November 3, 2018 to November 3, 2019 ("Preference Period") amount to $55,076.88 ("Transfers").

25. Plaintiff may learn through discovery or otherwise of additional transfers made to or on behalf of Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee. As such, Plaintiff reserves the right to amend this Complaint to reflect: (i) additional information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's/Defendants' name(s), (iv) the inclusion of additional defendants, and/or (v) the inclusion of additional causes of action *(including but not limited to,* 11 U.S.C. §§ 541, 544, 545, 547, 548, 549, 550, 551 and 553) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for any such Amendments to relate back to this Complaint.

26. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

## CLAIMS FOR RELIEF

# COUNT I

## (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

27. Plaintiff repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

28. Debtor made one or more transfers to or for the benefit of Defendant during the Preference Period totaling approximately $55,076.88 or such other amount as may be shown according to proof at trial.

29. Plaintiff is informed and believes, and alleges thereon, that the Transfers made by Debtors constitute transfers of an interest of the Debtors in property.

30. Plaintiff is informed and believes, and alleges thereon, that each of the Transfers was made on account of an antecedent debt.

31. Plaintiff is informed and believes, and alleges thereon, that Defendant was a creditor of the Debtor at the time each of the Transfers was made by virtue of the antecedent debts Debtor owed to Defendant at that time.

32. Plaintiff is informed and believes, and alleges thereon, that each of the Transfers was made while the Debtor was insolvent.

33. Plaintiff is informed and believes, and alleges thereon, that each of the Transfers occurred on or within the Preference Period.

34. Plaintiff is informed and believes, and alleges thereon, that the Transfers enabled Defendant to receive more than it would have if the Bankruptcy Case was filed as a Chapter 7 bankruptcy case, the Transfers had not been made, and the Defendant received payment to the extent of a Chapter 7 creditor as provided under the Bankruptcy Code.

35. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C.

§ 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant.

36. In accordance with the foregoing, each Transfer is avoidable by the Plaintiff pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoidable Transfers - 11 U.S.C. § 550)

37. Plaintiff repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

38. Plaintiff is informed and believes, and alleges thereon, that Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

39. Plaintiff is further informed and believes, and alleges thereon in accordance with Count I above, that the Transferss are avoidable under 11 U.S.C. § 547.

40. Plaintiff is further informed and believes, and alleges thereon, that, to the extent that Defendant is not the initial transferee of any of the Transfers, Defendant is the entity for whose benefit each of the Transfers was made or is the immediate or mediate transferee of the initial transferee of such Transfers.

41. Plaintiff is further informed and believes, and alleges thereon, that, to the extent that Defendant is the immediate or mediate transferee of the initial transferee of the Transfers, Defendant did not take such transfers for value and/or in good faith and/or without knowledge of the voidability of such transfers.

42. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant the Transfers, plus interest thereon to the date of payment, and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

a. Avoiding the Transfers described above under 11 U.S.C. §§ 547;

b. Granting judgment in favor of the Plaintiff against the Defendant in an amount of $55,076.88, or in such other amount as may be shown according to proof at trial;

c. Requiring the Defendant to immediately pay the amount of the Transfers as stated in the preceding paragraph or in such other amount as may be shown according to proof at trial to the Plaintiff pursuant to 11 U.S.C. § 550(a);

d. Awarding pre-judgment and post-judgment interest at the maximum legal rate running from the Petition Date, until the repayment amount ordered by this Court, together with all interest and costs, is paid in full;

e. Awarding Plaintiff all of its costs and expenses in bringing this lawsuit;

f. Granting the Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully Submitted this 28th day of June, 2021.

*/s/ Daren Brinkman*
Daren R. Brinkman (03004490)
Brinkman Law Group, PC
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Tel. (818) 597-2992
Fax (818) 597-2998
firm@brinkmanlaw.com