**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Arete Healthcare, LLC, *et al*** | ) | **CASE NO. 19-52578-CAG** |
| **Debtor** | ) | |
| | ) | |
| | ) | |
| **Daren Brinkman, as Trustee of the Arete Creditors Litigation Trust,** | ) | |
| | ) | |
| **Plaintiff** | ) | **ADVERSARY NO. 21-05079-CAG** |
| | ) | |
| **V** | ) | |
| | ) | |
| **TriCounty Family Medical Care Group, LLC d/b/a Tejas Urgent Care** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION TO DISMISS UNDER FRCP 12(b)(6) PLAINTIFF'S AMENDED COMPLAINT.**

TO THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE,

Comes now Tri County Family Medical Care Group, LLC d/b/a Tejas Urgent Care (the "Defendant") and pursuant to Federal Rule of Civil Procedure 12(b)(1) requests the Court to dismiss this case for lack of subject matter jurisdiction, or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this case for failure to state a claim and shows as follows:

## SUMMARY OF RELIEF REQUESTED

1. Defendant seeks dismissal of the Amended Complaint due to Daren Brinkman's, as Trustee of the Arete Creditors Litigation Trust (the "Plaintiff"), lack of standing pursuant to Rule 12 (b)(1) and failure to state a claim pursuant to Rule 12(b)(6).

2. As to Plaintiff's lack of standing, the Debtor attempted to retain all claims, but did not identify the claims and causes of action or even which Debtor had the property interest in such claims or causes of action against Defendant as the Debtor had identified claims against other parties. Plaintiff does not have standing to pursue claims against Defendant.

3. In regard to Plaintiff's failure to state a claim, Plaintiff's claims fail because the Confirmed Plan of Reorganization released all claims and causes of action against Brian Johnson and WM Medical Consultants, LLC.

4. Plaintiff failed to plead the elements of Section 547 of the Bankruptcy Code in that it did not identify the transfers, for whom the transfers were made and failed to show there was an antecedent debt.

5. Plaintiff failed to establish under Section 548 that the Debtor did not receive reasonably equivalent value because Plaintiff never shows how the services on Exhibit B were those of the Defendant but paid by Arete.

6. Further, Plaintiff did not plead with the kind of particularity required by the Federal Rules of Civil Procedure, as applied in bankruptcy adversary proceedings. In that regard, Plaintiff failed to plead it performed proper due diligence to determine the defenses

to the preference suit, and failed to identify what antecedent debt was owed to Defendant. For these reasons, Plaintiff's Complaint should be dismissed.

7. Defendant requests that the Court take judicial notice of the documents that are referred to in the attached Brief by specific docket numbers.

**FIRST CAUSE FOR DISMISSAL**

**Lack of Standing Rule 12(b)(1) Claims Not Preserved**

8. The only disclosure of any cause of action retained by the Plaintiff is found in Exhibit 6 attached to the Second Amended Disclosure Statement, Doc. #251-6 (hereafter "Disclosure"). Defendant is not listed on Exhibit 6 to the Disclosure Statement. Exhibit 6 does however state that a list of prepetition payments made within 90 days of the bankruptcy filing is found in the answers to the Aretes' Statement of Affairs, question no. 3. However, this list of payments was not attached to the Disclosure Statement.

9. In paragraph 31 of the Amended Complaint, Plaintiff asserts that "on August 9 and 23 of 2021, Arete made transfers directly to the Defendant in the amounts of $18,400 and $800 respectively totaling $19,400." This is facially incorrect given this is **2019 bankruptcy** case and no prepetition payments could have been made in 2021. But even if the proper date was made, these statements in the SOFA did not put Defendant on notice that the Plaintiff would consider this a preferential payment. Further, these charges are not shown on Exhibit B which is the list of both preferential payments and fraudulent transfers. Defendant further notes that the confirmed plan provided that the Trust would not assert any claim of preference or fraudulent conveyance under state or federal law upon any claim

of less than $5,000.

10. "Proper notice allows creditors to determine whether a proposed plan resolves matters satisfactorily before they vote to approve it - absent 'specific and unequivocal' retention language in the plan, creditors lack sufficient information regarding their benefits and potential liabilities to cast an intelligent vote." *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC).* 540 F.3d 351, 355 (5th Cir. 2008). "Considering the disclosure statement to determine whether - post confirmation Arete has standing is consistent with the purpose of *In re United Operating's* requirement: placing creditors on notice of the claims the post-confirmation Arete intends to pursue." *Crescent Respondent. Litig. Trust ex rel Bensimon v. Burr (In re Crescent Res., LLC),* 463 B.R. 423, 437-38 (Bankr. W.D. Tex. 2011).

11. The Fifth Circuit emphasized the importance of full disclosure by the Debtor of its assets. *Browning Mfg. v. Mims (In re Coastal Plains, Inc.),* 179 F.3d 197 (5th Cir. 1999). Debtor has "an affirmative duty to disclose all assets, including contingent and unliquidated claims", "potential causes of action" must be disclosed if "the Debtor has enough information. . . prior to confirmation to suggest that it may have a possible cause of action. . . . [T]he integrity of the bankruptcy system depends upon full and honest disclosure by Aretes of all of their assets." *Id. at* 207-08.

12. As noted in the next point, Defendant was instrumental in funding the confirmed plan. If Defendant could have been determined from the Disclosure that it was going to be sued, Defendant's participation would have been much different.

13. The Debtors made an incomplete disclosure, which is insufficient. *See United*

*Operating*, 540 F.3d at 356. The Debtors failed to preserve the cause of action against Defendant, and under *United Operating*, the Plaintiff lacks standing to bring such claims. *United Operating*, 540 F.3d at 356. As a result, the Court should find that Plaintiff lacks standing pursuant to Rule 12(b)(1) and dismiss the Complaint for lack of subject matter jurisdiction.

**PRELIMINARY STATEMENT APPLICABLE TO ALL RU8LE 12(b)(6) MOTIONS**

14. In the event that the Court fails to dismiss the Complaint for lack of subject matter jurisdiction, the Court should dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

15. To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2207). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires specific, well-pleaded factual allegations that, when assumed to be true, "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. A complaint "must set forth 'more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do.'" *Reagor Auto Mall, Ltd. v. FirstCapital Bank of Tex., N.A. (In re Reagor-Dykes Motor, LP)*, Nos. 18-50214-RLJ-11, 20-05002, 2020 Bankr. LEXIS 2254, at *3 (Bankr. N.D. Tex. 2020) (citing *Twombly*, 550 U.S. at 555).

16. As has been long held in the Fifth Circuit, "the court must accept all well-

pleaded facts in the compliant as true and view them in light of most favorable to the plaintiff." *Reagor Auto Mall*, 2020 LEXIS 2254 at *3 (citing *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007 )). Conversely, however, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to prevent a motion to dismiss. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001); *Iqbal*, 556 U.S. at 681 (conclusory allegations are not assumed to be true). Nor should a court "strain to find inferences favorable to the Plaintiff." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). In ruling on such a motion, the court cannot look beyond the pleadings. *Reagor Auto Mall*, 2020 LEXIS 2254 at *3 (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). The Court may also consider documents that are attached to the motion to dismiss if the documents are specifically referenced in the Complaint and are "central" to the plaintiff's claim. *Id.* (citing *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)). "The question therefore is whether, in light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *See Gregson v. Zurich American Ins. Co.*, F.3d 883 (5th Cir. 2003) (citation omitted).

## SECOND CAUSE FOR DISMISSAL

**Plaintiff Failed to State a Claim under Rule 12(b)(6) because the Confirmed Plan of Reorganization Released All Claims and Causes of Action Against Brian Johnson and WM Medical Consultants, LLC.**

17. Plaintiff asserts that Defendant is owned by Brian Johnson and Joel Kay; that Brian Johnson is the sole owner of WM Medical Consultants, LLC and that WM Medical

owns 50% of the equity interest in Arete, one of the Debtors. (¶¶15-17). As noted below, Defendant asserts it is not an insider as defined by section 101(31) of the Bankruptcy Code. However, these allegations clearly points to Brian Johnson as being a common denominator. What the Complaint fails to inform the Court was that Brian Johnson and WM Medical Consultants were released from any claims or causes of action and any such claims were not an asset of the Litigation Trust.

18. Under paragraph 8 of the *Findings of Fact, Conclusions of Law and Order Confirming Aretes' Second Amended Joint Plan of Reorganization*, (Doc #343)("Order"), the Order held that "[F]or avoidance of doubt, the claims and causes of action, if any against Frost Bank, Brian K. Johnson and WM Medical Consultants, LLC have been released pursuant to the terms of the Confirmed Plan and are expressly excluded from the Litigation Trust Assets."

19. This release was earned by Brian Johnson and WM Medical Consultants LLC. As noted under the Order, Brian Johnson agreed to a lien on his interest in the Defendant, agreed to pledge 50% of any distribution Brian Johnson received from Defendant to Frost, and contributed $50,000.00 to partially fund the Litigation Trust. After all this, the Plaintiff elects to sue the Defendant.

20. This Complaint is a travesty on Brian Johnson who funded and worked to obtain this confirmation. It takes tremendous gall on the part of the Creditors Committee and the Litigation Trust to bring these claims after all that Brian Johnson and WM Medical did for the Aretes' creditors.

## THIRD CAUSE FOR DISMISSAL

**Plaintiff's First Cause of Action for Preferential Payment must be Dismissed because it fails to Sufficiently plead the elements of a Section 547 preferential transfer.**

21. It is difficult to unpack the factual allegations contained in the Amended Complaint because of the numerous errors. It starts with the Amended Complaint asserting that the Defendant was a management service and "provided business management services, ancillary personnel, employee recruitment and supervision, pricing, marketing selection of vendors, information systems, clinic assessment and management services and risk management, among other services," to Arete. While that is what the agreement states, it is obvious from the court record that Arete was never a medical clinic and that the management agreement had the names backwards.

22. This Court has administered these three bankruptcies for over two years. As noted in the Second Amended Disclosure Statement (Doc. 251, page 11), "Arete is a management company providing support for the clinics." The Court has historical knowledge that Schertz-Cibolo Emergency Center, LLC and the Emergency Clinic of Floresville, LLC provided the medical care and Arete the management service. This was the same arrangement between Arete and the Defendant. How is the court to determine if the alleged payments were made for what services when the Plaintiff miss-identified the roles of the party. The second problem concerns the alleged $77,476.88 in preferential payments.

23. Plaintiff must plead and prove the following:

a. That it performed reasonable due diligence given the circumstances of [the] case and taken into account Defendant's known or reasonably knowable affirmative defenses under subsection (c);

b. a transfer of an **interest of the Arete in property**;
c. to or for the benefit of a creditor;
d. for or on account of an antecedent debt owed by the **Arete**;
e. made while the **Arete** was insolvent;
f. made on or within one year before the petition date; and
g. that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7, the transfer had not been made, and such creditor received payment of such debt to the extent provided by the Bankruptcy Code.

Even conceding for the moment that Plaintiff has properly pled elements (e)(f) and (g); the Plaintiff has failed to establish the other elements.

**A. <u>Amount of the alleged transfers.</u>**

24. How does the Plaintiff arrive at the amount of $77,476.88. Is the court to simply add up the payments within one year and come up with this amount. If that is true, how does the Court determine the alleged preferential payments of $800 and $18,400 which are alleged in paragraph 31 of the amended complaint but not shown in Exhibit B.

**B. <u>A transfer of interest.</u>**

25. The alleged transfers are shown on Exhibit B to the amended complaint. Exhibit B has the name of a vendor, the method of payment, the account number, the amount paid, the invoice date and who paid the payment. The only statement that Arete paid the payment is the last category; but it does not state how. There is no check number and there are no other attachments to the pleading. A reason there are no check payments is because it appears the services were charged on an Amex card. Who is the Amex cardholder? When were the charges made? There is a vague reference to an invoice, but it is not attached. The only reference that an interest in property of Arete was made is the last

notation on Exhibit B that Arete paid the Amex card. If the charges were for Arete, there is no transfer. If it was for the Defendant's benefit, where are the factual statements that these charges were for the Defendant's benefit. How did the Defendant benefit?

C. **Transfer for an Antecedent Debt**.

26. For there to be a preferential payment, there must be an antecedent debt. In the case of *Reagor Auto Mall, Ltd. v. FirstCapital Bank of Tex., N.A. (In re Reagor-Dykes Motors, LP)*, Nos. 18-50214-RLJ-11, 20-05002, 2020 Bankr. LEXIS 2254, at *25 (Bankr. N.D. Tex. 2020), Judge Robert L. Jones stated that at the minimum, Plaintiff must "match-up transfers with antecedent debt." Judge Jones further noted that section 547 actions are subject to Rule 8 scrutiny.

27. Plaintiff never identifies that Arete owed a debt to the Defendant. It is not shown on the bankruptcy schedules nor in the complaint. And could these payments really be for an antecedent debt?

28. Look at these charges: (1) August 20, 2017 for $13.61 to Jim's Fried Krispy Chicken; (2) $21.50 on May 4, 2018 to Charlie Allens Burgers; (3) TX tags for $40.47 and $14.07 on March 25, 2018; (4) charges to Amazon.com on March 26, 2018; and (5) (counsel's favorite) Bubba's 33 on July 9, 2018 for $45.97. Were these not contemporaneous payments? Could someone had walked out of Bubba's 33 and not paid. The same question would apply for the hotel charges to Hilton Waco or HomeSuites.

29. Where is the debt owed to the Defendant that Arete was paying. There is no none. In the case of *Finkel v. Polichuk (In re Polichuk), 2010 Bankr. LEXIS 4345, *8-10, 2010*

*WL 4878789*, the court held:

> With respect to all of the [*10] Defendants named in Count II, the Complaint fails to state a claim because the allegations that the asserted preferential transfers were on account of an antecedent debt, (a necessary element of the claim, see 11 U.S.C. §547(b)(2)), are stated entirely in a conclusory fashion. The Complaint provides no factual context for the "antecedent debt" allegation. Count II is therefore, subject to dismissal. See, e.g., Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) (plaintiffs may not "merely parrot the statutory language of the claims that they are pleading"). In light of the absence of factual support for the §547(b)(2) element of the claim and the dismissal of Count II on that basis, I need not determine the precise level of detail required in pleading a claim under 11 U.S.C. §547(b). Compare In re Valley Media, Inc., 288 B.R. 189 (Bankr. D. Del. 2003), with In re C.R. Stone Concrete Contractors, Inc., 434 B.R. 208, 220-21 (Bankr. D. Mass. 2010); In re NM Holdings Co., LLC, 407 B.R. 232, 256 (Bankr. E.D. Mich. 2009).

**D. <u>Defendant is not an insider of the Arete</u>**

30. Plaintiff seeks to assert a one-year preference period. Plaintiff alleges that Defendant is an insider. However, by Plaintiff's own admission, the Defendant is not as defined by section 101(31) of the Code.

31. The Complaint asserts that the Defendant is owned by Brian Johnson and Joel Kay; that Brian Johnson is the sole owner of WM Medical Consultants and WM Medical owns 50% in Arete. Assuming all this is correct, how is the Defendant an insider. It has no ownership interest in the Arete and thus is not an affiliate. It is not an officer, director, a person in control, a relative, or a general partner of the Arete. As Plaintiff has not established that the Defendant is an insider, at best there is a 90-day look-back.

**E. <u>Plaintiff's allegations that it performed reasonable due diligence</u>**

32. As part of the Small Business Reorganization Act ("SBRA"), Section 547 of the Bankruptcy Code was amended to require Debtor or trustee to consider a party's statutory

defenses based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses undertake any due diligence prior to commencing an action.

33. The only reference to this provision is found in paragraph 36 of the Complaint: "Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g)." Defendant asserts this was the standard prior to the enactment of SBRA and does not comply with the additional requirement of section 547. Even if it did, this statement is merely conclusory as it states nothing as to what Plaintiff did to complete its due diligence. "[C]onclusory recitations fail to state a claim under Rule 8(a)." *Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 123 (5th Cir. 2019) (citing *Twombly*, 550 U.S. at 555). Although the due diligence requirement in section 547(b) is new, and this issue appears to be one of first impression, courts regularly dismiss claims where due diligence is an element or fact of a plaintiff's claim. *See, e.g. Taylor v. Tumolo*, No. 19-4533, 2020 U.S. Dist. LEXIS 55624, at *39 (E.D. Pa. 2020) (conclusory allegations of performing due diligence not plausible); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 138 F.Supp. 2d 25, 29 (D. Me. 2001) (in price fixing claim, "conclusory allegations of due diligence are not sufficient"). Accordingly, such conclusory recitations do not suffice, and the Court must dismiss the Complaint.

## FOURTH CAUSE FOR DISMISSAL

**Plaintiff's Second Cause of Action for fraudulent transfer must be dismissed.**

34. An excellent example of the lack of due diligence is not recognizing that Arete was never a medical clinic. Further, there were no factual evidence that the charges were for the Defendant's benefit.

35. Defendant repeats, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

36. Plaintiff asserts that $115,528.00 in alleged transfers were fraudulent under Section 548 of the Bankruptcy Code and Section 24.005 of TUFTA. Plaintiff has elected only to assert the transfer is fraudulent because the Debtor received less than reasonably equivalent value because the Debtor was allegedly paying the Defendant's expenses. Plaintiff chose not to assert that the transfer was made with the intent to hinder, delay and defraud.

37. The only allegation that Arete did not receive reasonably equivalent value is that the expenses were not Arete. (Certainly, the Plaintiff is not saying someone did not get good hamburger from Charlie Allen's Burgers or Bubba's 33). However, to make this allegation is not sufficient.

38. How is the Court to know that these expenses were for the Defendant's benefit? Why were these expenses not the expenses required under the management agreement? If Arete was the clinic providing medical care (wrongly pled by the Plaintiff) operating in Mexia, Texas why are these not expenses of the Clinic. If, the opposite is true, why aren't these expenses of Arete as the management company.

## FIFTH CAUSE FOR DISMISSAL

**Plaintiff's Count 3 Cause of Action under Section 550 should be dismissed.**

39. Count III of the Complaint seeks recovery of avoided transfers under Section 550(a)(1) of the Bankruptcy Code. Section 550(a)(1) provides: "... to the extent that a transfer is avoided under section . . . 547 . . . of this title, trustee may recover . . . the value of such property, from-(1) the initial transferee of such transfer or the entity of whose benefit such transfer was made ..." A Section 550(a)(1) claim, however, requires that the plaintiff plead a valid claim to recover estate assets. As discussed above, Plaintiff failed to plead a viable claim under Section 547, and thus cannot recover under Section 550(a)(1). As such, Count III should be dismissed.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, or in the alternative, dismiss the complaint for failure to state a claim, and grant such Defendant such other and further relief to which Defendant is duly and justly entitled.

Respectfully Submitted:

*/s/Dean W. Greer*
Law Offices of Dean W. Greer
2929 Mossrock, Suite 117
San Antonio, Texas 78230
Telephone: 210.342.7100
Facsimile: 210.342.3633
Email: dean@dwgreerlaw.com
State Bar No. 08414100

**CERTIFICATE OF SERVICE**

I certify that I served the above and foregoing document through this Court's ECF system on this the 1st day of November, 2021 to the following:

Daren R. Brinkman
Brinkman Law Group, PC
543 Country Club Drive, Ste. B
Wood Ranch, CA 93065
Trustee of the Arete
Creditors Litigation Trust

*/s/Dean W. Greer*